Kathleen M. Keller (admitted Pro Hac Vice)
Robert Alexander (admitted Pro Hac Vice)
Elisabeth Oppenheimer (admitted Pro Hac Vice)
BREDHOFF & KAISER, PLLC
805 15th Street, NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
Email: kkeller@bredhoff.com
Email: ralexander@bredhoff.com
Email: eoppenheimer@bredhoff.com

James M. Piotrowski, ISB# 5911
Marty Durand, ISB# 5111
PIOTROWSKI DURAND, PLLC
P.O. Box 2864
1020 Main Street, Suite 440
Boise, Idaho 83701
Telephone: (208) 331-9200
Facsimile: (208) 331-9201
Email: James@idunionlaw.com
Email: Marty@idunionlaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **DONNIE ELY,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 3:18-cv-00315-CWD** |
| ) | |
| **v.** ) | **STIPULATION FOR PROTECTIVE** |
| ) | **ORDER PURSUANT TO FED. R.** |
| **BOARD OF TRUSTEES OF THE PACE** ) | **CIV. P. 26(c)** |
| **INDUSTRY UNION-MANAGEMENT** ) | |
| **PENSION FUND,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

WHEREAS, the parties to this Stipulation wish to maintain the confidentiality of certain

documents and information that may be disclosed in this action that they deem to be

confidential, and wish to ensure that such information shall not be used for any purpose other than in this action, the parties, through their undersigned counsel and Pursuant to Fed. R. Civ. P. 26(c) hereby request that the Court enter the Protective Order attached hereto as **Exhibit 1** in the above-captioned action

Dated:   June 5, 2019                          Respectfully submitted,


                                               _/s/ Kathleen M. Keller_____
                                               Kathleen M. Keller*
                                               Robert Alexander*
                                               Elisabeth Oppenheimer*
                                               **Bredhoff & Kaiser, P.L.L.C**.
                                               805 15th St. N.W., Suite 1000
                                               Washington, D.C. 20005
                                               Telephone: (202) 842-2600
                                               Facsimile: (202) 842-1888
                                               Email: kkeller@bredhoff.com
                                               Email: ralexander@bredhoff.com
                                               Email: eoppenheimer@bredhoff.com

                                               James M. Piotrowski, ISB# 5911
                                               Marty Durand, ISB# 5111
                                               **PIOTROWSKI DURAND, PLLC**
                                               P.O. Box 2864
                                               1020 Main Street, Suite 440
                                               Boise, Idaho 83701
                                               Telephone: (208) 331-9200
                                               Facsimile: (208) 331-9201
                                               Email: James@idunionlaw.com
                                               Email: Marty@idunionlaw.com

                                               *Attorneys for Defendant*

*/s/ Brad P. Miller*
Brad P. Miller, ISB No. 3630
bmiller@hawleytroxell.com
Andrea J. Rosholt, ISB No. 8895
arosholt@hawleytroxell.com
**Hawley Troxell Ennis & Hawley LLP**
877 Main Street, Suite 1000
Boise, ID 83702
Telephone: +1 208 388 4832
Facsimile: +1 208 954 5240

James P. Baker, CA State Bar No. 96302*
james.baker@bakermckenzie.com
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Douglas A. Darch, IL ARDC No. 312788*
douglas.darch@bakermckenzie.com
**Baker & McKenzie LLP**
300 East Randolph Street. Suite 5000
Chicago, IL 60601
Telephone: +1 312 861 8000
Facsimile: +1 312 861 2899

*Attorneys for Plaintiff DONNIE ELY, a Participant
in the PACE Industry Union-Management Pension
Fund*

*\*Admitted Pro Hac Vice*

**EXHIBIT 1**

**STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

Good cause appearing, and pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties, this Court hereby enters the following Protective Order to protect material entitled to be kept confidential and ensure that protection is afforded only to material so entitled.

THEREFORE, the Court hereby enters a Protective Order with the following terms:

1.      **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information**.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one of the following categories: (a) information prohibited from disclosure by statute; (b) trade secrets or proprietary material; (c) commercial, financial, or plan information that a party or person has maintained as confidential; or (d) sensitive financial information concerning any individual.  Information or documents that are available to the public or that must be filed with the federal government and are made available to the public may not be designated as Confidential Information.

3.      **Designation**.

(a)      A party may designate a document as Confidential for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all

copies in a manner that will not interfere with the legibility of the document.  As used in this

Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that

contain the Confidential Information.  The marking "CONFIDENTIAL" shall be applied prior to

or at the time of the documents are produced or disclosed.  Applying the marking

"CONFIDENTIAL" to a document does not mean that the document has any status or protection

by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that

are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that

indices, electronic databases or lists of documents that do not contain substantial portions or

images of the text of marked documents and do not otherwise disclose the substance of the

Confidential Information are not required to be marked.

      **(b)**     The designation of a document as Confidential Information is a

certification by an attorney that the document contains Confidential Information as defined in

this order.

      **4.**     **Depositions**

     Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL"

on the record at the time the testimony is taken. Such designation shall be specific as to the

portions that contain Confidential Information. Deposition testimony so designated shall be

treated as Confidential Information protected by this Order until fourteen days after delivery of

the transcript by the court reporter to any party or the witness. Within fourteen days after

delivery of the transcript, a designating party may serve a Notice of Designation to all parties of

record identifying the specific portions of the transcript that are designated Confidential

Information, and thereafter those portions identified in the Notice of Designation shall be

protected under the terms of this Order. The failure to serve a timely Notice of Designation

waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

     5.     **Protection of Confidential Material.**

     **(a)**     **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

     **(b)**     **Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

     **(1)**     **Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the action;

     **(2)**     **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

     **(3)**     **The Court and its personnel**;

     **(4)**     **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

     **(5)**     **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

3

(6)     **Consultants and Experts**. Consultants, investigators, or experts
        employed by the parties or counsel for the parties to assist in the
        preparation and trial of this action but only after such persons have
        completed the certification contained in Attachment A,
        Acknowledgment of Understanding and Agreement to Be Bound;

(7)     **Witnesses at depositions**. During their depositions, witnesses in
        this action to whom disclosure is reasonably necessary. Witnesses
        shall not retain a copy of documents containing Confidential
        Information, except witnesses may receive a copy of all exhibits
        marked at their depositions in connection with review of the
        transcripts. Pages of transcribed deposition testimony or exhibits to
        depositions that are designated as Confidential Information
        pursuant to the process set out in this Order must be separately
        bound by the court reporter and may not be disclosed to anyone
        except as permitted under this Order.

(8)     **Author or recipient**. The author or recipient of the document (not
        including a person who received the document in the course of
        litigation); and

(9)     **Others by Consent**. Other persons only by written consent of the
        producing party or upon order of the Court and on such conditions
        as may be agreed or ordered.

(10)     **Special Protection of Sensitive Strategic Documents**.
        Documents and information related to confidential settlements

between the Pension Fund and other employers who have

withdrawn from the Plan shall not be accessed by, or provided,

shown, or made available to any person who represents or provides

legal or strategic advice to any employer regarding participation in

the Pension Plan or withdrawal from the Pension Fund.  Such

information or documents will be expressly identified by the

designating party with the marking "SENSITIVE STRATEGIC

INFORMATION."

(c)     **Control of Documents**. Counsel for the parties shall make reasonable

efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel

shall maintain the originals of the forms signed by persons acknowledging their obligations

under this Order for a period of three years after the termination of the case.

6.     **Inadvertent Failure to Designate**. An inadvertent failure to designate a

document as Confidential Information does not, standing alone, waive the right to so designate

the document; provided, however, that a failure to serve a timely Notice of Designation of

deposition testimony as required by this Order, even if inadvertent, waives any protection for

deposition testimony. If a party designates a document as Confidential Information after it was

initially produced, the receiving party, on notification of the designation, must make a reasonable

effort to assure that the document is treated in accordance with the provisions of this Order. No

party shall be found to have violated this Order for failing to maintain the confidentiality of

material during a time when that material has not been designated Confidential Information, even

where the failure to so designate was inadvertent and where the material is subsequently

designated Confidential Information.

7.      **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.3.

8.      **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)      **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)      **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a)     If a receiving party is served with a subpoena or an order issued in  other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days  after receiving the subpoena or order.  Such notification must include a copy of the  subpoena or court order.

(b)     The receiving party also must immediately inform in writing the  party who caused the subpoena or order to issue in the other litigation that some or all

of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13.     Obligations on Conclusion of Litigation**.

**(a)     Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Obligations at Conclusion of Litigation**. Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or

other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

      **(c)**      **Retention of Work Product and one set of Filed Documents**.

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      **(d)**      **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

      **14.**      **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      **15.**      **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.     **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

DATED:

_____
Candy W. Dale
U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| DONNIE ELY, a Participant in the PACE Industry Union-Management Pension Fund,<br><br>        Plaintiff,<br><br>   v.<br><br>BOARD OF TRUSTEES OF THE PACE INDUSTRY UNION-MANAGEMENT PENSION FUND,<br><br>        Defendant. | **Case No. 3:18-cv-00315-CWD**<br><br><br>Magistrate Judge Candy W. Dale |

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Idaho in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.


Signature:_____

Name:_____

Date: _____