UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNIE ELY, a Participant in the PACE Industry Union-Management Pension Fund,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE PACE INDUSTRY UNION – MANAGEMENT PENSION FUND,<br><br>Defendant. | Case No. 3:18-cv-00315-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are Defendant's bill of costs, Plaintiff's objection to Defendant's bill of costs, and Plaintiff's motion for partial withdrawal of his objection. (Dkt. 172, 173, 181, 177.) In light of the substantive issues raised by the Plaintiff's objection, the Court elected to review the bill of costs in the first instance and bypassed review by the Clerk to avoid the filing of a motion to re-tax. (Dkt. 177.) The issues are fully briefed and ripe for the Court's determination.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

This lawsuit asked the Court to determine whether the Board of Trustees of the PACE Industry Union-Management Pension Fund complied with ERISA § 305(e)(3)(A) when it implemented certain measures, specifically an exit fee charged to withdrawing employers, to forestall possible insolvency of an ERISA defined benefit pension plan. On November 30, 2020, the Court issued its memorandum decision and order granting Defendant's motion for summary judgment, denying Plaintiff's motion for summary judgment, and entering a judgment for Defendant. (Dkt. 170, 171.) The Court held that Plaintiff did not establish standing to bring his claims, and therefore the Court lacked subject matter jurisdiction.

Defendant seeks reimbursement of $26,711.58 in costs, representing the following: $106.20 for trial transcripts; $4,524.87 for witness fees; and $22,080.51 in deposition costs.[1] Plaintiff withdrew his primary objection that costs are not allowed pursuant to Fed. R. Civ. P. 54(d) when a case is dismissed for lack of subject matter jurisdiction following the recent holding by the United States Court of Appeals for the Ninth Circuit in *Citizens for Free Speech, LLC v. Cty. of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020). There is no dispute that Defendant is the prevailing party upon dismissal for lack of standing. *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646, (2016); *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 n.14 (9th Cir.

---

[1] In Defendant's reply memorandum, Defendant explained it neglected to include $3,040.76 in costs related to preparing the written deposition transcript produced as a result of Donnie Ely's video deposition, thus increasing the total costs claimed from $23,670.82 to $26,711.58. Decl. of von Thielen, Ex. 1. (Dkt. 179-1.)

**MEMORANDUM DECISION AND ORDER - 2**

2017) (Defendant does not need to obtain a judgment on the merits to be a prevailing party for fee purposes). Accordingly, the Court must determine whether the costs claimed are allowed pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

**ANALYSIS**

Federal Rule of Civil Procedure 54(d) generally provides for an award of costs to the prevailing party. A Rule 54(d)(1) award includes taxable costs. The Ninth Circuit has held that "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc., v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *Gomez v. Reinke*, No. CV-91-299-S-LMB, 2008 WL 3200794, at *16 (D. Idaho Aug. 7, 2008). The losing party bears the burden of demonstrating why costs should not be awarded. *Stanley v. Univ. of S. Calif.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Recoverable costs are set forth in 28 U.S.C. § 1920.[2] Recovery of out-of-town witnesses' travel and lodging expenses are authorized collectively under 28 U.S.C. §§

---

[2] A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

1821[3] and 1920(3). The Court will discuss each of Plaintiff's objections to the specific costs Defendant claims.

### A. Expert Witness Fee

Plaintiff objects to the $4,125.00 claimed by Defendant for reimbursement of the attendance fee paid to depose Plaintiff's expert, James Naughton. Defendant argues the cost is recoverable pursuant to Fed. R. Civ. P. 26(b)(4)(E) and 54(d)(1), and 28 U.S.C. §§ 1920(3) and 1821(a)(1), citing authority from other courts. Rule 26(b)(4)(E) states that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery…pay the expert a reasonable fee" for attending a deposition. Rule 54(d)(1) allows "costs – other than attorney's fees…to the prevailing party." 28 U.S.C. § 1920(3) allows fees for witnesses, and 28 U.S.C. § 1821(a) and (b) specify that a witness in attendance before any person authorized to take his or her deposition "shall be paid an attendance fee of $40 per day for each day's attendance."

D. Idaho L. Rule 54.1(a)(1)(A) directs that costs must be taxed in conformity with the provisions of 28 U.S.C. §§ 1821 and 1920-1924, "and such other provisions of law as may be applicable and such directives as the Court may from time to time issue." The form for claiming costs directs that witness fees are taxed "at [the] statutory rate." The Court has previously and consistently declined to award fees for expert witnesses in excess of the amount statutorily allowable for ordinary witnesses. *Kayser v. McClary*,

---

[3] 28 U.S.C. § 1821 permits a witness in attendance before any person authorized to take his deposition be paid the fees provided by this section. Subsection (b) specifies witnesses "shall be paid an attendance fee of $40 per day for each day's attendance," and subsection (c) delineates how travel expenses may be reimbursed.

**MEMORANDUM DECISION AND ORDER  - 4**

875 F. Supp. 2d 1167, 1183 (D. Idaho 2012), *aff'd*, 544 F. App'x 726 (9th Cir. 2013) (declining to award expert witness attendance fee beyond statutory rate); *Boise Tower Assocs., LLC v. Washington Cap. Joint Master Tr. Mortg. Income Fund*, No. 03-141-S-MHW, 2007 WL 4355815, at *6 (D. Idaho Dec. 10, 2007) (defendant withdrew request for expert witness fees beyond statutory rate, recognizing they would not be awarded by the Court); *Lefever v. A.H. Hoffman, Inc.*, No. CV 04-311 S LMB, 2006 WL 2385301, at *4 (D. Idaho Aug. 17, 2006) (recognizing that fees for expert witnesses are not taxable in an amount greater than the statutory limit).

In accord with the above authorities, Defendant may be reimbursed only at the statutory rate of $40 for Mr. Naughton's attendance.

## B. Hearing Transcripts

Defendant seeks reimbursement for two hearing transcripts - $44.10 to prepare the transcript of the hearing conducted on November 13, 2018, on the motion to dismiss; and $62.10 for the transcript of the hearing on motion for summary judgment, conducted on October 9, 2020. Plaintiff objects on the grounds that neither is a "trial" transcript obtained necessarily for use in the case. Defendant asserts that 28 U.S.C. § 1920(2) does not limit taxable costs to trial transcripts, and that both transcripts were necessarily obtained for use in the case. Defendant states that the October 9, 2020 transcript was used in support of its motion to strike, (Dkt. 165-1), and the November 13, 2018 transcript was obtained to for purposes of reviewing the same for redaction purposes, (Dkt. 35, 36).

28 U.S.C. § 1920(2) allows "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" to be taxed as costs. There is no limitation that

**MEMORANDUM DECISION AND ORDER - 5**

the transcripts obtained be limited to trial transcripts. A review of the docket reveals that Defendant obtained the transcripts for use in the case. The October 9, 2020 video hearing transcript was obtained to rebut an argument raised by Plaintiff in his motion to appoint receiver, and cited in Defendant's brief in support of its motion to strike. (Dkt. 165-1.) The proceedings on the motion to dismiss were transcribed, and the parties were instructed to obtain a transcript to review for redaction purposes. (Dkt. 34, 36.)

The Court finds the costs to obtain the hearing transcripts and totaling $106.20 are properly taxed in this case pursuant to 28 U.S.C. § 1920(2).

### C. Video Deposition Costs

Defendant seeks reimbursement of the cost for the video deposition of Plaintiff in the amount of $2,031.25.[4] Defendant contends the video deposition was necessarily obtained in the event Plaintiff did not attend a trial, or if his trial testimony needed to be impeached by his deposition. (Dkt. 179 at 19.) However, Defendant has not made a sufficient showing that a video deposition was necessary in this matter. Donnie Ely is the named plaintiff. If a plaintiff fails to prosecute his or her case, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b). There was no need to perpetuate Plaintiff's trial testimony in the form of a video deposition given Defendants also obtained a written transcript of Plaintiff's deposition.

---

[4] In its response to Plaintiff's objection, Defendant noted that it inadvertently omitted a request for reimbursement of the cost to prepare the written transcript of the video deposition. (Dkt. 179 at 17.) These costs were $3,040.76. Plaintiff did not request to file a sur-reply, or otherwise object to Defendant's claim for costs related to transcribing Ely's video deposition. (Dkt. 180.) Ely's written deposition transcript was relied upon by Defendants in its cross-motion for summary judgment. These costs are properly taxed. *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 n.3 (9th Cir. 1990) (Section 1920(2) covers the costs of deposition transcripts obtained for use during pretrial proceedings).

**MEMORANDUM DECISION AND ORDER - 6**

Consequently, Defendant will not be permitted to recover the $2,031.25 in costs related to videotaping Plaintiff's deposition.

### D. Deposition Costs

Plaintiff objects to the entirety of the costs claimed for the depositions of Kidder, Knight, Weick, and Olson, contending that the transcripts were not submitted in support of Defendant's summary judgment briefing. However, 28 U.S.C. § 1920(2) allows for the cost of a deposition "necessarily obtained for use in the case" as a whole. Thus, Defendant is not limited to claiming only those costs for depositions submitted in support of its summary judgment briefing. A review of the docket indicates that the depositions of Kidder, Knight, Weick, and Olson were all obtained for use in the case. (Dkt. 71, 84-1, 85.)

Plaintiff objects next to itemized costs that were included as part of the total invoice from the court reporting service for each deposition. These costs include charges for the court reporter's attendance; rough drafts; a technology package; condensed transcripts; exhibit reproduction for black and white, color, and .pdf copies; exhibit management; a production/processing fee; and a shipping and handling fee.[5]

The Court considers the "reasonable fees of…deposition reporter" recoverable.[6] The Court has reviewed the invoices which include a request for reimbursement for the court reporter's attendance. In each instance where the court reporting service charged an

---

[5] Not every deposition invoice included all of these various charges. Plaintiff objected to any additional cost other than the cost of preparing a single transcript, and objected to these additional charges where included in the deposition invoice.

[6] The Court's bill of costs form clearly indicates that the court reporter's fee is considered recoverable as a "deposition cost."

**MEMORANDUM DECISION AND ORDER - 7**

additional fee for the court reporter's attendance, Defendant noticed the deposition.[7] The costs for the court reporter's attendance is therefore recoverable, and the Court does not find the amounts unreasonable.[8]

As for the other fees itemized in each deposition invoice, the Court finds certain costs are not taxable. The Court allows recovery of the cost of the original transcript of the deposition and one copy. *See Willnerd v. Sybase, Inc*., No. 1:09-CV-00500-BLW, 2012 WL 175341, at *7 (D. Idaho Jan. 20, 2012) (allowing original and one copy of each deposition transcript to be taxed as costs). However, the Court will not allow costs incurred for counsel's convenience. *See Id*. (disallowing costs for scanning and converting documents to electronic format, or for organizing and sorting documents, done for counsel's convenience). Nontaxable costs include charges to obtain the rough transcripts, the technology package, and for condensed transcripts provided for counsel's convenience. Defendant has not provided sufficient justification to recover costs for the preparation of rough transcripts, nor has Defendant explained what the "technology package" included. Charges for shipping and handling, "production processing," and for reproduction of the deposition exhibits, however, will be allowed. The documentation provided by the parties reflects that Defendant was charged these fees in order to obtain a copy of the original deposition transcript.

---

[7] Per the invoices, Defendant noticed the depositions of Knight, Naughton, and Clearwater Paper Corporation's 30(b)(6) designee. For all other depositions, Defendant requested a copy.

[8] The court reporter requested $487.50 for attendance at Plaintiff's deposition; $183.75 for attendance at the Knight deposition; $540 for attendance at Naughton's deposition; and $400 for attendance at the deposition of Clearwater Paper Corporation's designee.

**MEMORANDUM DECISION AND ORDER - 8**

The Court will allow $16,086.91 in costs incurred for the deposition transcripts. This sum excludes itemized costs incurred for obtaining a rough draft, for the technology package, and for condensed transcripts.

### E. Subsistence

Although not objected to, the Court must reduce the amount claimed for subsistence. Defendant requested reimbursement of $327.24 for Mr. Kidder's lodging on July 29, 2019, in Coeur d'Alene, Idaho. However, the subsistence allowance for a witness may not "exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of Title 5, for official travel in the area of attendance by employees of the Federal Government." In 2019, the maximum lodging rate for government employees traveling to Coeur d'Alene in July was $135.00. The costs claimed for meals do not exceed the government reimbursement rate, and will be allowed.

The Court therefore allows subsistence costs in the total amount of $247.63 to be taxed as costs in this case. This sum includes the $40 witness fee for Mr. Naughton and also for Clearwater Paper's 30(b)(6) designee, lodging, and meals.

## CONCLUSION

Based upon the Court's review, costs will be taxed in the total amount of $16,440.74.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Withdraw (Dkt. 181) is **GRANTED**.

2) Plaintiff's Objection to Bill of Costs (Dkt. 173) is **OVERRULED IN PART and SUSTAINED IN PART**.

3) Costs are taxed in the total amount of $16,440.74, and included in the Judgment. Defendant may submit an amended form of judgment for entry by the Court.

DATED: May 7, 2021

Honorable Candy W. Dale
United States Magistrate Judge